## The People of the State of Illinois, Defendant in Error, v. Marion Ezell, Plaintiff in Error.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where not clearly and manifestly against its weight.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse if its contents are substantially contained in other instructions given.

Error to the Circuit Court of Franklin county; the Hon. THOMAS J. LAYMAN, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

MOONEYHAM & SEEBER, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This was a prosecution under an indictment containing two counts charging plaintiff in error with selling intoxicating liquors in anti-saloon territory. He was found guilty on both counts upon which there was judgment and sentence.

The errors, relied on for a reversal, are that the evidence introduced on behalf of the people failed to show any sales of intoxicating liquor and upon giving and refusing instructions. No testimony was offered on behalf of plaintiff in error and but one witness was introduced by the People. This witness testified that plaintiff in error was engaged in the restaurant business and that he went to the place and called for tamberine and received a pint of the so-called beverage and on the same day he called for and received a bottle of jingo; that there was no labels on the bottles and that he paid twenty-five or thirty cents for the tamberine and ten cents for the jingo.

The witness testified that he had no judgment about

what the tamberine was as he was not a whisky drinker; that he had drank whisky and knew its taste and that it tasted like whisky and had the color of it, although there was a good deal of difference between it and the taste of whisky. He said he could not tell from what he drank whether it would intoxicate if taken in sufficient quantities or not, and could not remember whether he smelled it.

In regard to the jingo the witness said he had drunk lager beer and that the jingo he purchased tasted a little like it and if it was beer it was a poor quality and at least third grade.

In reading over the testimony of the witness some disinclination to testify appears, it seems to us. So far as our observation has gone, the names "tamberine" and "jingo" are confined to beverages sold in anti-saloon territory, and we are of opinion the evidence strongly tended to show that the tamberine and jingo purchased by the witness were whisky and lager beer and were spirituous and malt liquors respectively and being such were within the statutory definition of intoxicating liquors without proof that they had intoxicating qualities. With this evidence in the record, and where the jury saw the witness on the stand and heard him testify and returned a verdict of guilty, we are not disposed to disturb it.

We have examined instructions one, three and five given on behalf of the People and are of opinion they substantially state the law as applied to the evidence and there was no error in giving them.

Complaint is made of the refusal of the court to give instructions nine and ten asked by plaintiff in error. Number nine is upon the subject of a reasonable doubt and as the subject was fully covered by several other given instructions there can be no ground of complaint. Number ten was fully covered by number seven which was given.

Finding no error, the judgment will be affirmed.

*Affirmed.*